UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANTHONY PAUL COCCHIARA,                                No. 10-15034

                                   Debtor(s).
_____/

LEE ANN CRESTON,

                                   Plaintiff(s),

       v.                                                                          A.P. No. 11-1107

ANTHONY PAUL COCCHIARA,

                                   Defendant(s).
_____/

Memorandum After Trial
_____

      Chapter 7 debtor and defendant Anthony Cocchiara and plaintiff Lee Ann Creston had a personal relationship for several years. On August 23, 2007, they entered into the following written agreement, the wording of which was largely or entirely Creston's:

<u>Promissory note for receipt of funds</u>

    I, Anthony Cocchiara acknowldege receipt of $150,000 today, August 23, 2007
    from Lee Ann Creston towards payment toward equity of the property of 827
    Howard Street, Ferndale, CA. If mortgage arrangements prove to be ineffective as
    of February 2008, the money will be returned in full.

1

What the parties exactly intended by "mortgage arrangements" remains unclear. Creston moved into the property. Cocchiara did not return the funds, but he deeded a 43% interest to her on July 28, 2008.[1] The property was subsequently lost to foreclosure, a consequence of both the collapse of the housing market and Cocchiara's illness.

On March 20, 2009, Creston sued Cocchiara in state court. After a full trial, the state court Cocchiara liable for breach of contract but rejected Creston's allegations of fraud. Cocchiara then filed his Chapter 7 petition and Creston commenced this adversary proceeding seeking to have her judgment declared nondischargeable and also seeking to deny Cocchiara's discharge.

Cocchiara has raised several legal arguments, including issue and claim preclusion and the applicable statute of limitations. While these may well have merit, there is no need for the court rule on any of them because Creston has not come close to proving any case for nondischargeability on the merits.

The court completely agrees with the state court that there was no fraud by Cocchiara. Creston has come up with a new theory, not raised in the state court: that she and Cocchiara were partners in the ownership and improvement of the Howard Street property, that her $150,000 was to be used to improve the property, and that Cocchiara defalcated by using some of the funds for personal purposes. The problem with this theory is that there is no credible evidence that Cocchiara was in any way obligated to use the $150,000 on expenses of and improvements to the property. Such an interpretation of their agreement makes no sense, as Creston concedes that there was considerable equity in the property when they entered into the agreement. It is far more likely that Creston intended to purchase an equitable interest in the property and that Cocchiara was free to use the funds any way he wished because they were his. The fact that he used a considerable part of the money on the property reflects only his good faith. He is not liable under § 523(a)(4) of the Bankruptcy Code for

---

[1] Creston says she never accepted the deed, but there is no evidence of her contemporaneous rejection of it. See *Marshall v. Marshall,* 140 Cal.App.2d 475, 479 (1956).

2

defalcation, even if Creston can raise the issue now, because the $150,000 were not partnership funds.

The court finds no grounds whatsoever for denial of Cocchiara's discharge. There was no material or even significant false statement in the schedules demonstrated, let alone fraudulent intent. While Cocchiara did admit to establishing a revocable trust for his daughter, his testimony that all of the trust assets were included in his schedules was credible and not in any way refuted. The fact that he did not list his sole proprietorship landscaping business as having a separate value is totally proper, as a Chapter 7 trustee cannot sell a sole proprietorship as a going concern because a trustee cannot grant a covenant not to compete. See *In re Beck,* 309 B.R. 340, 353 (Bkrtcy.N.D. Cal 2004). The value of a sole proprietorship is the value of the physical assets, which were in this case minimal.

For the foregoing reasons, Creston shall take nothing by her complaint, which will be dismissed with prejudice. Cocchiara shall recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Cocchiara shall submit an appropriate form of judgment forthwith.

Dated: August 29, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge